**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| E-POCH PROPERTIES, | ) |
| | ) CASE NO.  1:05 CV 1669 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) MAGISTRATE JUDGE VECCHIARELLI |
| TRW AUTOMOTIVE U.S., | ) |
| | ) |
| | ) |
| Defendants. | ) **MEMORANDUM OF OPINION** |

On June 29, 2005, Defendant TRW Automotive U.S. ("TRW") filed a Motion to Dismiss Counts One Through Four of Plaintiff's Complaint.  (Doc. No. 3.)  This Court has jurisdiction over the case pursuant to the parties' consent.  For the reasons set forth in detail below, TRW's Motion to Dismiss Counts One Through Four of Plaintiff's Complaint (Doc. No. 3) is GRANTED in PART and DENIED in PART.  Specifically, E-Poch's fraudulent / negligent misrepresentation claim contained in Counts One through Four regarding TRW's alleged failure to disclose the condition of the roof survives; E-Poch's fraudulent / negligent misrepresentation claim contained in Counts One through Four regarding TRW's alleged failure to pay the utility charges and long-term air sampling and monitoring cannot be maintained.

## I. Factual and Procedural Background

On November 12, 2003, Plaintiff E-Poch Properties ("E-Poch") and Defendant TRW Automotive U.S. ("TRW") entered into an agreement for the purchase of real estate located in Cleveland, Ohio ("the property"). (Complaint, ¶ 3.) Pursuant to the agreement, the purchase and sale of the property closed on January 20, 2005. (*Id.* at ¶ 4.)

The agreement stated that TRW: had no knowledge of any claims or violations regarding the condition or use of the property or the failure of the property to be in compliance with the law; would, at its sole expense, repair certain work at the property; and would, at its sole expense, perform certain environmental cleanup activities at the property, including activities necessary to obtain a No Further Action ("NFA") letter from a certified professional and a Covenant Not to Sue ("CNS") letter from the State of Ohio. (*Id.* at ¶ 5.)

E-Poch claims that TRW's representations in the agreement were false and not honored because: (1) prior to closing, TRW was aware that the property's roof was plagued by significant problems and defects, and had a potential to collapse; (2) TRW failed to pay the utility charges in performing the repair work; and (3) TRW failed to pay for certain long-term air sampling and monitoring required to receive the NFA. (*Id.* at ¶ 6.)

E-Poch filed the instant action based on these alleged misrepresentations. Specifically, E-Poch alleges that TRW: knowingly made false representations to induce E-Poch to enter into the argreement (Counts One and Two: Fraudulent Misrepresentation - Damages and Rescission of the Agreement); failed to exercise reasonable care in communicating the false representations to E-Poch (Counts Three and Four: Negligent Misrepresentation - Damages and Rescission of the Agreement); and breached the

2

agreement due to the misrepresentations and failed to honor its obligations under the agreement (Counts Five and Six: Breach of Contract - Damages and Specific Performance).

TRW seeks to have the fraudulent and negligent misrepresentation counts, *i.e.*, Counts One through Four, dismissed.

## II.  Standard

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  All well-pleaded allegations must be taken as true and construed most favorably toward the non-movant.  *See Mayer v. Mylod,* 988 F.2d 635, 637 (6th Cir. 1993).  While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *see Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987).  Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

## III.  Analysis

TRW asserts that E-Poch's fraudulent and negligent misrepresentation claims (Counts One through Four) must be dismissed as a matter of law because the breach of contract claims (Counts Five and Six) prevent E-Poch from presentation of the same case as a tort action.  E-Poch asserts that its fraudulent / negligent misrepresentation claims and damages are separate and distinct from its breach of

3

contract claims and damages.

Under Ohio law, a tort exists only if a party breaches a duty which he owes to another independent of the contract, that is, a duty which would exist even if no contract existed. *Battista v. Lebanon Trotting Asso.*, 538 F.2d 111, 117 (6th Cir. 1976). The tort liability of parties to a contract arises from the breach of some positive legal duty imposed by law because of the relationship of the parties, rather than from a mere omission to perform a contract obligation. (*Id.*) Furthermore, an action arising out of contract that also is based upon tortious conduct must include actual damages attributable to the wrongful acts of the alleged tortfeasor in addition to those attributable to the breach of the contract. *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App. 3d 137, 151 (Ohio Ct. App. 1996). The tort injury must be unique and separate from any injury resulting from a breach of contract. *Medical Billing, Inc. v. Medical Mgmt. Sciences, Inc.*, 212 F.3d 332, 338 (6th Cir. 2000).

In the instant action, E-Poch identifies three alleged fraudulent / negligent misrepresentations made by TRW: (1) TRW's knowledge of significant problems with the building's roof and failure to disclose such problems; (2) TRW's failure to pay the utility charges in performing the repair work; and (3) TRW's failure to pay for certain long-term air sampling and monitoring required to receive the NFA. For each alleged misrepresentation claim to survive, the duty on which the misrepresentations are based must exist independent of the contract. *Battista*, 538 F.2d at 117.

A. **Alleged misrepresentation about the property's roof**

E-Poch alleges that TRW's failure to disclose known problems with the building's roof constitutes both fraudulent / negligent misrepresentation and breach of contract under the agreement. In

4

the agreement, the section in issue states that:

> TRW had no knowledge of any claims or violations regarding the current condition or use of the property, or any failure or any part of the property to be in compliance with any law, ordinance statute, regulation or order of governmental authority or insurance underwriter.

(Complaint, ¶ 5.)  TRW asserts that E-Poch's fraudulent / negligent misrepresentation claim must be dismissed because no duty exists for the fraudulent / negligent misrepresentation independent of the contract.

First and foremost, this Court finds that E-Poch has not pled a valid breach of contract claim against TRW regarding the condition of the roof.  E-Poch has not alleged that TRW had a contractual duty to disclose the problems with the roof pursuant to the agreement.  In the complaint, E-Poch alleges only that a roofing contractor inspected the roof, informed TRW there were significant problems and recommended that the problems be repaired.  The agreement required TRW to notify E-Poch of any known claims regarding the current condition or use of the property.  The complaint does not allege that the roof repairs were the known subject of any claims or violations.  Therefore, the allegations concerning the roof repairs do not allege a breach of the agreement.

On the other hand, E-Poch's fraudulent / negligent misrepresentation claim about the roof remains viable if it is not based on a breach of the agreement.[1]  Ohio law requires a seller of residential

---

[1] In order to establish a cause of action for fraudulent misrepresentation, the plaintiff must prove: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance.  *Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St. 3d 69 (1986).

5

property to disclose latent defects in the property that are not readily observable or discoverable through a purchaser's inspection.  *See Layman v. Binns* (1988), 35 Ohio St. 3d 176, 177, 519 N.E.2d 642, 644; *see also* O.R.C. § 5302.30.  The rule applies the seller-buyer relationship in a commercial property context.  *See Davis v. Sun Refining & Marketing Co.*, 109 Ohio App.3d 42 (1996).  Accordingly, in regard to the roof repairs, E-Poch's fraudulent / negligent misrepresentation survives.[2]

### B  Alleged misrepresentation about the utility charges and air sampling

In regard to TRW's alleged failure to pay the utility charges and long-term air sampling and monitoring, E-Poch has not asserted any legal duty that requires TRW to pay these costs other than the contractual obligation.  Accordingly, E-Poch's fraudulent / negligent misrepresentation claims regarding TRW's failure to pay the utility charges in performing the repair work and charges for certain long-term air sampling and monitoring required to receive the NFA cannot survive.

### IV.  Conclusion

For the foregoing reasons, TRW's Motion to Dismiss Counts One Through Four of Plaintiff's Complaint (Doc. No. 3) is GRANTED in PART and DENIED in PART.  Specifically, E-Poch's fraudulent / negligent misrepresentation claim contained in Counts One through Four regarding TRW's alleged failure to disclose the condition of the roof survives; E-Poch's fraudulent / negligent

---

[2] As this Court finds that E-Poch does not have a breach of contract claim regarding the condition of the roof, this Court does not need to determine whether the damages alleged for the fraudulent / negligent misrepresentation are separate and distinct from the damages alleged for the breach of contract claim.

misrepresentation claim contained in Counts One through Four regarding TRW's alleged failure to pay the utility charges and long-term air sampling and monitoring cannot be maintained.

      IT IS SO ORDERED.

                                                s/ Nancy A. Vecchiarelli
                                                  U.S. Magistrate Judge

Date: November 15, 2005